|  | Honorable Samuel J. Steiner |
|---|---|
|  | Chapter 11 |
|  | Hearing Date: November 12, 2010 |
|  | Hearing Time: 9:30 a.m. |
|  | Hearing Place: Seattle, WA |
|  | Response Date: November 5, 2010 |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| In re | No. 10-19817-SJS |
|---|---|
| ADAM R. GROSSMAN, | MOTION FOR ORDER APPOINTING CHAPTER 11 TRUSTEE |
| Debtor. | |

Jill Borodin ("Rabbi Borodin"), a creditor herein, moves this Court for an order directing the appointment of a Trustee in the Chapter 11 bankruptcy of Adam Grossman (the "Debtor").

## I. Background

The Debtor's current Chapter 11 case is the third in a series of filings since June, 2010.

On June 25, 2010, the Debtor filed his first pro se Chapter 11 bankruptcy petition, which was dismissed on July 22, 2010 for failure to file schedules, statements or lists. *See* **EXHIBIT A** to the Declaration of Tereza Simonyan. On July 27, 2010, the Debtor filed his second pro se Chapter 11 petition, dismissed on August 10, 2010, for failure to

MOTION FOR ORDER FOR APPOINTMENT
OF A CHAPTER 11 TRUSTEE - 1



CROCKER LAW GROUP, PLLC

720 Olive Way, Suite 1000, Seattle, WA 98101
P) 206-624-9894  F) 206-624-8598

www.crockerlaw.com

meet the minimum filing requirements.  *See* **EXHIBIT B** to the Declaration of Tereza Simonyan.  The Debtor's third and final Chapter 11 petition was filed on August 19, 2010.  Although this time the Debtor is represented by counsel, he has made only an infinitesimal improvement on his previous efforts to comply with the filing requirements of Title 11 of the United States Code (the "Code".)

The meeting of creditors required under 11 U.S.C. § 341 (the "341 meeting") took place on September 28, 2010.  *See* **EXHIBIT A** to the Declaration of Ida Werner. During the 341 meeting, an extraordinary number of omissions and inaccuracies were noted in the Debtor's schedules, and brought to his attention.  To name a few, the Debtor failed to list: the domestic support obligations ordered by a state court among his priority debts, his mortgage lenders among his secured creditors, and the lease agreements for his rental properties in the executory contracts and unexpired leases.  *See* **EXHIBIT C** to the Declaration of Tereza Simonyan.  Most importantly, the Debtor provided virtually no information regarding the financial condition of the five businesses listed in the statement of financial affairs in which the Debtor holds an interest, and provided no accounting for the $1,955.41 that he has listed as monthly expenses from operation of a business.  *Id.*  While the Debtor's testimony at the 341 meeting regarding various aspects of his businesses was conflicting, confusing, and did not provide the detail and precision that are expected under the Code disclosure requirements, the Debtor did testify that one of his businesses, Tanager Fund, LP, holds a Charles Schwab account

CROCKER LAW GROUP, PLLC

720 Olive Way, Suite 1000, Seattle, WA 98101
P) 206-624-9894  F) 206-624-8598

www.crockerlaw.com

with nearly $375,000.00 on deposit, *See* **EXHIBIT A** to the Declaration of Ida Werner, p 16, 18; while another one of his businesses, Ptarmigan Real Estate Fund, LLC, is a sole beneficiary of a trust account that holds 100% interest in an unencumbered real property in California. *Id.* p. 19-22.

William L. Courshon, the attorney for the United States trustee conducting the 341 meeting (the "Trustee"), reminded the Debtor that he was required, yet had failed to file Form B26, and provide requisite bank statements. *See* **EXIBIT D** to the Declaration of Tereza Simonyan; **EXHIBIT A** to the Declaration of Ida Werner, p. 32. The Trustee also requested that the Debtor amend Schedules B, D, E, F, G, H, J, an attachment thereto, and the statement of financial affairs. *See* **EXHIBIT D** to the Declaration of Tereza Simonyan. The Debtor was required to provide the documents requested by the Trustee on or before October 12, 2010, and the 341 meeting was continued to October 20, 2010. The Debtor neither provided the required documents by the deadline set by the Trustee, nor appeared at the continued 341 meeting on October 20, 2010, citing illness of the his bankruptcy counsel. *Id.*

Furthermore, the Debtor has retained and paid, post-petition, special counsel to represent him in Divorce Court. *See* **EXHIBIT F** to the Declaration of Tereza Simonyan. Despite the Trustee's warning for the need for court-approval of retention of professionals while in bankruptcy, and the Debtor's assurance that such was forthcoming, to date no pleadings have been filed by the Debtor to this effect. *Id.*

CROCKER LAW GROUP, PLLC

720 Olive Way, Suite 1000, Seattle, WA 98101
P) 206-624-9894  F) 206-624-8598

www.crockerlaw.com

Finally, the Debtor testified to borrowing money on unsecured basis post-petition, and has disregarded the Trustee's request to amend the schedules to disclose and get court-approval for the same. *See* **EXHIBIT D** to the Declaration of Tereza Simonyan.

The Debtor is also a party to a similarly frenzied dissolution proceeding pending in the Superior Court of Washington in King County Case Number 09-3-02955-9 SEA ("Divorce Court"). The Debtor was married to Rabbi Borodin for nearly seven years and the two have two minor daughters. Rabbi Borodin filed for dissolution of the marriage in April of 2009, due to various personal and financial differences, giving rise to a lengthy and costly dissolution proceeding. The trial for the dissolution proceeding is set to commence on November 15, 2010. *See* **EXHIBIT E** to the Declaration of Tereza Simonyan.

The pre-trial discovery in the dissolution proceeding exposed the manner in which the Debtor has been managing his financial affairs, which the Debtor has stubbornly refused to produce to the Bankruptcy Court. More specifically, the bank statements of the businesses managed by the Debtor show that between September 11, 2009 and October 1, 2010, the Debtor has transferred nearly $718,185.82 out of his companies' bank accounts. *See* **EXHIBIT A** to the Declaration of Karma Zaike. Although the accounts bear the business names, an examination of the expenditures reveals that the accounts serve as the Debtor's personal accounts, used for payments to his divorce attorneys and daily meals in various restaurants. *Id*. A large number of the wire transfers

CROCKER LAW GROUP, PLLC

720 Olive Way, Suite 1000, Seattle, WA 98101
P) 206-624-9894  F) 206-624-8598

www.crockerlaw.com

have occurred during the preference period, while others were made post-petition.

Furthermore, the transfers were made in violation of a standing Divorce Court order

restraining the Debtor's ability to transfer and dispose of any property other than in the

ordinary course of business. *See* **EXHIBIT G** to the Declaration of Tereza Simonyan.

## II. Legal Authority and Analysis

Section 1104(a) of the Code provides in pertinent part:

> At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee –
> (1) For cause, including fraud, dishonesty incompetence, or gross mismanagement of the affairs of the debtor by the current management, either before or after the commencement of the case, or similar cause…
> (2) If such appointment is in the interests of creditors, any equity security holders, and other interests of the estate…; or
> (3) if grounds exist to convert or dismiss the case under section 1112, but the court determines that the appointment of a trustee… is in the best interests of creditors and the estate.

In making its determination, the court may examine both pre- and post-petition

conduct. *In re Oklahoma Refining Co.*, 838 F.2d 1133, 1136 (10th Cir. 1988).

A. <u>Cause Exists for Appointment of a Trustee Pursuant to 1104(a)(1)</u>

Whether a trustee should be appointed for cause under Section 1104(a)(1) of the

Code is a fact-sensitive issue and must be analyzed on a case-by-case basis. *In re Sharon*

*Steel Corp.*, 871 F2d 1217, 1226 (3rd Cir. 1989). Section 1104(a)(1) lists four factors

MOTION FOR ORDER FOR APPOINTMENT
OF A CHAPTER 11 TRUSTEE - 5

CROCKER LAW GROUP, PLLC

720 Olive Way, Suite 1000, Seattle, WA 98101
P) 206-624-9894  F) 206-624-8598

www.crockerlaw.com

which may serve as grounds for finding cause, including fraud, incompetence, dishonesty and gross mismanagement. These factors are not exhaustive, and courts have relied on other circumstances in determining that cause exists, including irreconcilable conflicts and acrimony between the debtor and creditors, *In re Marvel Entertainment Group*, 149 F.3d 463, 472 (3d Cir. Del. 1998); the looting of the estate by the management, *In re Bibo, Inc.*, 76 F.3d 256 (9th Cir. 1996); repeated failure to comply with the Bankruptcy Code, *In re North*, 212 Fed. Appx. 626, 627 (9th Cir. 2006), hiding and diverting of estate assets by the debtor, *In re Brown*, 2000 B.R. Lexis 247 (Bankr. E.D.N.C. 2000); *Koken v. Reliance Group Holdings, Inc.*, 273 B.R. 374 (Bankr. D. Del. 2001); or lying at the 341 meeting of creditors, *In re Sanders*, 2000 Bankr. LEXIS 263 (Bankr. N.D. Ill. 2000).

To date, the Debtor has not provided the documents necessary to ascertain the financial condition of his businesses with the requisite certainty. It is beyond dispute, however, that in the year preceding and since the date of the current Chapter 11 petition, the Debtor has grossly mismanaged the affairs of the business by demonstrating an unusual proclivity to transfer large sums out of his business accounts with no apparent benefit to the estate. These frequent transfers are in violation of the Bankruptcy Code, the standing order of the Divorce Court, and the fiduciary obligations that he owes to the entities as a partner. These mysterious transfers carried out over an extended period of time are the equivalent of looting of the estate, the very grounds on which the *Bibo* court

CROCKER LAW GROUP, PLLC

720 Olive Way, Suite 1000, Seattle, WA 98101
P) 206-624-9894   F) 206-624-8598

www.crockerlaw.com

found appointment of a trustee appropriate. *In re Bibo.* 76 F.3d 256, 259 (9th Cir. Cal. 1996).

The Debtor's repeated failure to comply with the Code requirements is yet another cause for appointment of a trustee. With two Chapter 11 cases dismissed for failure to carry out the basic bankruptcy filing requirements, in the current case the Debtor has continued in the same manner by ignoring the Trustee's request to amend his bankruptcy schedules, provide documents of a trust holding unencumbered real property, provide information regarding the assets and liabilities of the businesses in which he holds an interest, to name only a few examples. See **EXHIBIT D** to the Declaration of Tereza Simonyan. In addition, the Debtor has knowingly failed to comply with the Code requirements to obtain court-approval before retaining and paying bankruptcy counsel, special counsel and other professionals. *See* **EXHIBIT F** to the Declaration of Tereza Simonyan. In other words, the Debtor has filed his third Chapter 11 petition, in bad faith, in order to enjoy the benefits of the automatic stay, while showing utter disregard to the substantive and procedural bankruptcy requirements under the Code.

B. <u>Appointment of a Trustee is in the Best Interest of Creditors, Equity Holders, and other Interests of the Estate</u>

Courts may also approve the appointment of a trustee if it is in the best interests of creditors, equity holders and other interests of the estate. 11 U.S.C. § 1104(a)(2). This determination is also fact-specific, and requires the balancing of the benefits of

MOTION FOR ORDER FOR APPOINTMENT
OF A CHAPTER 11 TRUSTEE - 7

CROCKER LAW GROUP, PLLC

720 Olive Way, Suite 1000, Seattle, WA 98101
P) 206-624-9894  F) 206-624-8598

www.crockerlaw.com

appointment of the trustee versus the costs of the same to the estate. Among the factors traditionally considered by the court in determining whether the appointment of trustee is in the best interests of creditors include, the trustworthiness of the debtor, the debtor's past and present performance and the prospect of rehabilitation, whether the business community and creditors of the estate have confidence in the debtor and whether the benefits outweigh the costs. *In re Madison Management Group, Inc.*, 137 B.R. 275, 282 (Bankr. N.D. Ill. 1992). The §1404(a)(2) standard is within the court's sound discretion, and is even more flexible than that under §1104(a)(1). *In re Bellevue Place Assoc.*, 171 B.R. 615, 627 (Bankr. N.D. Ill. 1994).

If the Debtor remains in control of management of the estate, including the various businesses in which he holds an interest, the interests of creditors may be severely compromised. As noted above, the Debtor has demonstrated an unusual inclination to transfer large amount of cash out of the business accounts without demonstrable benefit to the estate. Although it appears that the transfers were, and are still being made for the ultimate purpose of keeping funds out of Rabbi Borodin's reach, the Debtor's conduct is simultaneously adversely affecting the interests of all his creditors.

Further, the transfers are made to transferees in various jurisdictions within the United States. The bankruptcy court presents a uniform forum to recover the funds, as fraudulent or preferential transfers, transferred in violation of state and federal laws, and

MOTION FOR ORDER FOR APPOINTMENT
OF A CHAPTER 11 TRUSTEE - 8

CROCKER LAW GROUP, PLLC

720 Olive Way, Suite 1000, Seattle, WA 98101
P) 206-624-9894   F) 206-624-8598

www.crockerlaw.com

weighs heavily in favor of appointment of a neutral and unbiased trustee to monitor the Debtor's conduct. With hundreds of thousands of dollars at stake, and the possibility of recovering large sums as fraudulently and/or preferentially transferred, the cost of appointing a trustee in this case is well-justified. While precise amounts are still unknown, the Debtor's testimony at the 341 meeting has revealed that his businesses hold significant liquid assets available for the payment of a Chapter 11 trustee. *See* **EXHIBIT A** to the Declaration of Ida Werner, pp. 9-23.

C. Cause Exists to Dismiss or Convert the Case and Appointment of a Trustee is in the Best Interest of Creditors and the Estate Pursuant to Section 1104(a)(3)

Section 1104(a)(3) of the Code provides additional grounds for the appointment of a trustee: where grounds exist for dismissal or conversion under Section 1112(b), but the Court determines that the appointment of a trustee instead is in the best interests of creditors and the estate.

The "causes" under 1112(b)(4) that the Debtor has provided warranting dismissal or conversion are numerous, and include: (A) substantial or continuing loss to or diminution of the estate…; (B) gross mismanagement of the estate; (D) unauthorized use of cash collateral substantially harmful to one or more creditors; (E) failure to comply with an order of the court; (F) unexcused failure to satisfy timely any filing or reporting requirements established by the [Bankruptcy Code]…; (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee. 11

MOTION FOR ORDER FOR APPOINTMENT
OF A CHAPTER 11 TRUSTEE - 9

CROCKER LAW GROUP, PLLC

720 Olive Way, Suite 1000, Seattle, WA 98101
P) 206-624-9894  F) 206-624-8598

www.crockerlaw.com

U.S.C. 1112(b)(4). However, due to the tremendous interest of the creditors of the estate to recover substantial sums as fraudulent and/or preferential transfers, it is in the best interests of creditors that the Debtor remain under the Bankruptcy Court's supervision in a Chapter 11.

Therefore, because grounds exist to convert or dismiss the case, and appointing a trustee would be in the best interests of creditors, the Court should enter an order directing the appointment of a Chapter 11 trustee under 11 U.S.C. § 1104(a)(3).

### III. Relief Requested

For the reasons stated above, Rabbi Borodin requests that this Court issue an order directing appointment of a Chapter 11 trustee in this case.

DATED this 22nd day of October, 2010.

CROCKER LAW GROUP PLLC

By _____*/s/Tereza Simonyan*_____
    Shelly Crocker, WSBA #21232
    Tereza Simonyan, WSBA #41741
Attorneys for Jill Borodin

MOTION FOR ORDER FOR APPOINTMENT
OF A CHAPTER 11 TRUSTEE - 10

CROCKER LAW GROUP, PLLC
720 Olive Way, Suite 1000, Seattle, WA 98101
P) 206-624-9894  F) 206-624-8598
www.crockerlaw.com