Matthew D. O'Conner, WSBA 27061  
Law Office of Matthew D. O'Conner  
8011 Greenwood Ave. North  
Seattle, WA 98103  
Tel: (206) 782-0722  
Fax: (206) 738-0233

Honorable Judge Samuel J. Steiner  
DATE: November 12th, 2010  
TIME: 9:30 a.m.  
Chapter 11  
LOCATION: Seattle  
RESPONSE DUE: Friday, Nov. 5, 2010

UNITED STATES BANKRUPTCY COURT  
WESTERN DISTRICT OF WASHINGTON  
AT SEATTLE

In re:

Adam R. Grossman,

Debtor.

CHAPTER 11 BANKRUPTCY

CASE NO. 10-19817-SJS

DEBTOR-IN-POSSESSION'S OBJECTION TO BORODIN'S MOTION FOR ORDER FOR APPOINTMENT OF CHAPTER 11 TRUSTEE

COMES NOW THE DEBTOR-IN-POSSESSION ("Debtor"), by and through his undersigned attorney, and in response to the Motion for Order for Appointment of Chapter 11 Trustee ("Motion") filed by Jill Borodin ("Borodin"), states the following:

**I. Borodin Lacks Standing to Bring this Motion before the Court**

Borodin states in her Motion that she is "a creditor herein." (See Borodin's Motion, page 1, line 23). This is false.

DEBTOR-IN-POSSESSION'S OBJECTION TO BORODIN'S MOTION FOR ORDER FOR APPOINTMENT OF CHAPTER 11 TRUSTEE - Page 1 of 5

LAW OFFICE OF  
MATTHEW D. O'CONNER  
8011 GREENWOOD AVENUE NORTH  
SEATTLE, WA 98103  
(206) 782-0722 – Fax: (206) 783-0233

Borodin has filed no Claims against the Debtor's estate as of the date of this Objection. (See Claims Register for this case as of November 5, 2010, Attached as Exhibit A). Debtor has not listed Borodin as a creditor in Debtor's schedules. Borodin may, perhaps, *become* a creditor at some future date due to a ruling of the State Court in Debtor & Borodin's divorce proceeding (discussed below), but Borodin's claim to be a creditor now, at the time of the filing if her Motion, is premature and erroneaous. <u>Musso v. Ostashko</u>, 468 F.3d 99, 108, 56 Collier Bankr.Cas.2d 1785, Bankr. L. Rep. P 80,771, (C.A.2 (N.Y.), 2006). Accordingly, as Borodin has no standing to bring this Motion, the Motion should be denied.

## II. Appointment of Trustee is Not Warranted; Borodin Fails to Meet Her Burden of Proof

There is strong presumption that debtor should be permitted to remain in possession. <u>In re Adelphia Communications Corp</u>., 336 B.R. 610, 655 (Bkrtcy.S.D.N.Y., 2006) citing <u>Comm. of Dalkon Shield Claimants v. A.H. Robins Co., Inc</u>., 828 F.2d 239, 241 (4th Cir.1987); <u>Ionosphere</u>, 113 B.R. at 167; <u>In re Evans</u>, 48 B.R. 46, 47 (Bankr.W.D.Tex.1985); In re Eichorn, 5 B.R. 755, 757 (Bankr.D.Mass.1980). Appointment of a trustee is the exception and not the rule in a Chapter 11 case, <u>Matter of Marin Motor Oil, Inc</u>., 689 F.2d 445, 446 (C.A.N.J., 1982) and appointment of a Chapter 11 trustee is an unusual remedy. <u>In re Taub</u>, 427 B.R. 208 (Bankr. E.D. N.Y. 2010). Further, appointment of a trustee in Chapter 11 case is an extraordinary remedy, and one which may impose a substantial financial burden on a hard-pressed debtor seeking relief under the Bankruptcy Code. <u>Matter of Anchorage Boat Sales, Inc</u>., 4 B.R. 635, 644 (Bankr.E.D.N.Y., 1980). The Anchorage Boat Sales court continued that "in many cases, the appointment of a trustee may preclude an effective reorganization because of the substantial administrative expenses which must be paid by the debtor's estate." <u>Id.</u>

DEBTOR-IN-POSSESSION'S OBJECTION TO
BORODIN'S MOTION FOR ORDER FOR
APPOINTMENT OF CHAPTER 11 TRUSTEE - Page 2 of 5

LAW OFFICE OF
MATTHEW D. O'CONNER
8011 GREENWOOD AVENUE NORTH
SEATTLE, WA 98103
(206) 782-0722 – Fax: (206) 783-0233

Additionally, the party seeking appointment of a trustee bears the burden of proof, and the need for a trustee must be shown by clear and convincing evidence. <u>In re Adelphia Communications Corp.</u>, 336 B.R. 610, 655-656 (Bkrtcy.S.D.N.Y., 2006) citing <u>In re Sharon Steel Corp.</u>, 871 F.2d 1217, 1225 (3d Cir.,1989).

It is important to note that the Debtor and Borodin are in the midst of dissolution proceeding in King County Superior Court. The case no. is 09-2-02955-9. This divorce action was filed by Borodin on April 15, 2009. This dissolution proceeding has, to date, involved over 235 individual pleadings. In fact, in the month of October, 2010 alone, there have been forty (40) docketed items, not including discovery requests and production. Further, some pre-trial issues are now before the State Court of Appeals (Trial Court docket line 201, filed on Sept. 28, 2010). This is, to put it mildly, a contentious divorce proceeding.

Borodin states in her Motion that the need to amend various items on Debtor's Schedules and Statement of Financial Affairs was brought to Debtor's attention during the first 341 hearing (See Borodin's Motion, pages 2, line 13 through page 3, line 34). Debtor filed the various Amendments discussed during the first 341 hearing on October 28, 2010. (See docket entries nos. 39, 40, & 41).

Borodin further states in her Motion that Debtor has retained and paid special counsel to represent him in Divorce Court. (See Borodin's Motion, page 3, lines 36-45 through page 4, line 6). Debtor has filed and noted for hearing an Application to Employ Emily Tsai as Debtor's Special Counsel for the Divorce Action Nunc Pro Tunc along with the corresponding Declaration of Emily Tsai. (See docket entries 42 & 43).

DEBTOR-IN-POSSESSION'S OBJECTION TO
BORODIN'S MOTION FOR ORDER FOR
APPOINTMENT OF CHAPTER 11 TRUSTEE - Page 3 of 5

LAW OFFICE OF
MATTHEW D. O'CONNER
8011 GREENWOOD AVENUE NORTH
SEATTLE, WA 98103
(206) 782-0722 – Fax: (206) 783-0233

Borodin further states in her Motion that "the Debtor's testimony at the 341 meeting has revealed that his businesses hold significant liquid assets available for the payment of a Chapter 11 trustee." (See Borodin's Motion, page 9, lines 8-15). Again, this is difficult to address as can be clearly seen by simply examining Debtor's Amended Schedule A and Amended Schedule B. (Part of Docket Item 40, Attached as Exhibit B). The overwhelming majority of Debtor's assets are secured pieces of real property and are particularly *not* liquid.

Borodin further states in her Motion that Debtor has "stubbornly refused" to produce his financial affairs [sic] to the bankruptcy court. (See Borodin's Motion, page 4, lines 26-31). This is difficult to address other than to say that the amendments and special counsel fee application requested in the first 341 hearing have all been filed openly and with candor to this court. It is noteworthy that Borodin's bankruptcy counsel failed to attend the second 341 hearing on November 3, 2010 to listen to the apt questions placed by counsel for the United States Trustee and to hear Debtor's detailed answers. Which is in stark contrast to Borodin's theme throughout her Motion that Debtor is 'stubbornly refusing' to produce records of his financial affairs.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order denying the Motion in its entirety with prejudice and award such further and different relief as this Court deems proper and just.

**Signature on Following Page**

DEBTOR-IN-POSSESSION'S OBJECTION TO
BORODIN'S MOTION FOR ORDER FOR
APPOINTMENT OF CHAPTER 11 TRUSTEE - Page 4 of 5

LAW OFFICE OF
MATTHEW D. O'CONNER
8011 GREENWOOD AVENUE NORTH
SEATTLE, WA 98103
(206) 782-0722 – Fax: (206) 783-0233

Respectfully submitted this 5th day of November, 2010.

                        LAW OFFICE OF MATTHEW D. O'CONNER

                        By: /s/ Matthew D. O'Conner
                        Matthew D. O'Conner, WSBA #27061
                        Attorney for Debtor-in-Possession

DEBTOR-IN-POSSESSION'S OBJECTION TO BORODIN'S MOTION FOR ORDER FOR APPOINTMENT OF CHAPTER 11 TRUSTEE - Page 5 of 5

LAW OFFICE OF
MATTHEW D. O'CONNER
8011 GREENWOOD AVENUE NORTH
SEATTLE, WA 98103
(206) 782-0722 – Fax: (206) 783-0233