Stephen J. LeBlanc
1551 Madison St.
Oakland CA
(510)388-7089
sjlebl@gmail.com

FILED
Western District of Washington
at Seattle

AUG 26 2013

U.S. Bankruptcy Court

Judge: Judge Marc L. Barreca
Hearing Location: Room 7106
700 Stewart St
Seattle WA 98101
Hearing Date: August 30, 2013
Hearing Time: 9:30 a.m.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| In re | CHAPTER 7 |
|---|---|
| ADAM R. GROSSMAN | CASE NO. 10-19817 |
| | CREDITOR'S OBJECTION TO TRUSTEE'S MOTION FOR AN ORDER CONFIRMING THAT REAL PROPERTY IS PROPERTY OF THE ESTATE |

I. INTRODUCTION

1. My name is Stephen J. LeBlanc and I write the court to object to the Trustee's motion for an order confirming that the subject real property is property of the estate.

2. I am a creditor of the estate. I object to any pending action or prior action removing me as a creditor. I also was formerly an investor with the Tanager Fund, which may be impacted by these proceedings.

*[signature: Stephen J. LeBlanc]*

Stephen J. LeBlanc
1551 Madison St.
Oakland CA
(510)388-7089

3. I am not wealthy as I have spent most of my career working on non-profit projects and have been in poor health. My $25,000 claim represented a substantial portion of my retirement savings and it has been a hardship to me to have lost it.

4. There has been some confusion created regarding what portion of Tanager Fund investments constituted property owned by the Borodin/Grossman family and therefore what claims can justifiably be made by Ms. Borodin. I believe that I have been harmed as an innocent creditor by this confusion and I believe other innocent creditors have also been harmed.

5. These creditors are people who were no part of any dispute between Mr. Grossman and Ms. Borodin and whose property has been seized do to confusion created in these proceedings.

6. I am particularly concerned about the claims of Mr. Lyman Opie and Mr. Peter Zieve. As outlined below, their money in 2010 was clearly independent of Ms. Borodin's finances which became distinct from Mr. Grossman's finances upon entry of separation orders on September 10, 2009. I have known Mr. Opie for decades and I know that his losses in this case are a substantial harm for him. I do not understand why the Trustee and the Trustee's lawyer have not taken more care regarding Mr. Opie's and Mr. Zieve's claims.

CREDITOR'S OBJECTION TO TRUSTEE'S
MOTION FOR AN ORDER CONFIRMING THAT
REAL PROPERTY IS PROPERTY OF THE ESTATE
2 OF 7

Stephen J. LeBlanc
1551 Madison St.
Oakland CA
(510)388-7089

## II. BACKGROUND

7. My name is Stephen J. LeBlanc.

8. I am an attorney in good standing in California.

9. I know many of the parties to these proceedings and have known some for decades

10. I have known Mr. Grossman for decades and I developed an independent friendship with his former wife, Jill Borodin. I stayed with them in Seattle several times and they stayed at my home in Oakland both individually and together, both with and without their daughters Alexandra and Naomi.

11. I have known Lyman Opie for decades and have kept in regular contact with him over this time.

12. Based on my relationships with Mr. Grossman and my understanding of the options trading strategy employed by the Tanager Fund, I became the first non-managing investor shortly after the Tanager Fund formation on June 30, 2006, contributing $20,000 of my retirement savings.

13. I was encouraged by early steady growth in the Tanager Fund, before the Financial Crisis of 2008, and the overall positive returns. However, throughout my involvement as an investor, my primary interest was that the Tanager Fund be successful as a professional venture for Mr. Grossman and that the gains of the fund benefit the Grossman/Borodin family by providing Mr. Grossman with duly earned investment advisor and management fees.

14. I received reports regarding the Tanager Fund and my individual investor account in the fund from 2006 through 2010. The value of my investment fluctuated from a low of about $19,000 to a high of about $38,000. These reports were extremely easy to understand and at all times I was aware that the only portion of the Tanager Fund to which I had any ownership interest was the balance reflected in my account, under the name Stephen J. LeBlanc.

*[signature]*
Stephen J. LeBlanc
1551 Madison St.
Oakland CA
(510)388-7089

15. In September 2010, the value of my Tanager Fund account just above $25,000. I agreed to make this money available as a loan to Mr. Grossman.

16. On information and belief, I am concerned that the Tanager Fund will accrue substantial losses caused by Ms. Borodin, who represented the ownership interest of the Grossman/Borodin family in the Tanager Fund to be much greater than it was.

17. Because of my own desire to receive payment on my claim either now or as soon as possible after the conclusion of these proceedings as well as my desire to see other innocent investors receive their money back, I have reviewed relevant documents available to me in my capacity as an investor in the Tanager Fund as well documents that were part of public records in this Court and in King County Superior Court.

18. I believe that losses to the Tanager Fund investors created by Ms. Borodin wrongfully claiming investor money can be best understood by the following:

19. As of Jan 1, 2010, based upon the Tanager Fund 2009 tax return K-1's prepared by Petersen Sullivan LLP, the Grossman/Borodin family ownership interest in the Tanager Fund was $225,287. This number is the aggregate balance in three investor accounts in the names: 1. Terrington Davies Capital MGMT LLC, 2. Adam Grossman, 3. Jill Borodin. The 2009 tax returns are available to every investor upon request pursuant to the Tanager Fund agreement. At the share price of the Tanager Fund reported to me ($1.32) for January 1, 2010 this indicated Grossman/Borodin family ownership of 170,672 shares on Jan. 1, 2010. I have further reviewed the returns and based on information and belief, the remaining

---

[1] Excluding an account for each of the two Grossman children valued at $4,464 each valued at on Jan. 1, 2010.

Stephen J. LeBlanc
1551 Madison St.
Oakland CA
(510)388-7089

shares were all held by persons not financially connected to any member of the Grossman/Borodin family.

20. On information and belief, on March 4, 2010, money from the Tanager Fund in the amount of $229,000 was wired to Placer Title Company to purchase the property located at 868 Montcrest Dr. in Redding, CA.

21. On information and belief, on May 20, 2010, money from the Tanager Fund in the amount of $255,000 was wired to Placer Title Company to purchase the property located at 20710 Glennview Dr in Cottonwood, CA.

22. Ms. Borodin has represented through her attorney of record that these funds of $484,000 originating from the Tanager Fund were monies in which the Grossman/Borodin family she an ownership interest.

23. At the time this representation was made and throughout these proceedings, however, she and her attorney knew or should have known that no additional Grossman/Borodin money was deposited with the Tanager Fund, and thus the Grossman/Borodin Tanager Fund investment accounts could not have exceeded 170,672 shares at any time during 2010.

24. At the time of this representation was made and throughout these proceedings, Ms. Borodin and her attorney knew or should have known that there were other investors in the Tanager Fund, as well as creditors to the Tanager Fund, who would be harmed if she claimed cash distributions or Tanager Fund property as her family's property.

---

[2] Note: there were no investment deposits into the Tanager Fund that in any way involved or were the property of Ms. Borodin and her family during 2010. There were no deposits or capital contributions to the Tanager Fund by any investor during 2010 – unsurprising after the likely closing of the fund had been announced early in the year.

CREDITOR'S OBJECTION TO TRUSTEE'S
MOTION FOR AN ORDER CONFIRMING THAT
REAL PROPERTY IS PROPERTY OF THE ESTATE
5 OF 7

Stephen J. LeBlanc
1551 Madison St.
Oakland CA
(510)388-7089

25. To the best of my knowledge, Ms. Borodin has never clearly explained how the investment accounts of her family that combined were valued at $225,287 on January 1, 2010, resulted in cash disbursements of $484,000 in which she claimed an ownership interest for her family.

26. On information and believe, it appears to me that Ms. Borodin and her attorney may have created confusion about the nature of Mr. Grossman's business in order to make claims on property belonging to other investors.

27. Mr. Grossman's business, conducted through The Tanager Fund and associated entities, is in fact very simple. He is an investment advisor and manager. He earns money from this activity in two ways (1) duly earned fees he receives as a result from the management of other people's money, and (2) capital gains on his families investment money that he also manages. This activity financially benefited the Grossman/Borodin family throughout the marriage.

28. Ms. Borodin and her family are due a proportional share of the partnership distributions based on the 170,672 shares held at the Tanager Fund as of January 1, 2010, plus any additional shares purchased subsequently, if any, but not any more that this amount.

29. During 2010, the opening share was $1.32 and during the year rose and fell until the fund closed active trading operations as previously announced on November 30, 2010. On information and believe, the closing price was $1.24 on that date. The value of 170,672 shares on January 1, 2010, at $1.32/share was $225,287 and the value upon closing at $1.24/share was $211,633. Ms. Borodin should not benefit from claiming that $484,000 of Tanager Fund monies used to purchase the two houses described above, were Grossman/Borodin family money when this

CREDITOR'S OBJECTION TO TRUSTEE'S
MOTION FOR AN ORDER CONFIRMING THAT
REAL PROPERTY IS PROPERTY OF THE ESTATE
6 OF 7

Stephen J. LeBlanc
1551 Madison St.
Oakland CA
(510)388-7089

claim is at the expense of other investors and based on proceedings to which I nor most other investors were not a party.

30. I genuinely wish her the best and would like to see her get as much money she is entitled from the Tanager Fund but not at my expense and the expense of other investors. She makes more money that I do. Why should I be expected to incur losses so that she can receive disproportionally higher returns?

## I RESPECTFULLY REQUEST OF THE COURT.

31. Do not take the property at the property located at 868 Montcrest Dr. in Redding, CA. from investors.

32. Continue this hearing if necessary to ask for whatever information the court would like to see to resolve the equitable ownership of that property.

33. Continue to allow accountants to prepare the financial statements.

34. Carefully review the actions and expenses of the Trustee and Attorneys and limit expenses to the fullest extent allowed by law.

Pursuant to 28 U.S.C. § 1746, I declare to the best of my knowledge and under penalty of perjury that the forgoing is true and correct.

Dated this 27d day of August, 2013

Stephen J. LeBlanc

CREDITOR'S OBJECTION TO TRUSTEE'S
MOTION FOR AN ORDER CONFIRMING THAT
REAL PROPERTY IS PROPERTY OF THE ESTATE
7 OF 7

Stephen J. LeBlanc
1551 Madison St.
Oakland CA
(510)388-7089