Abraham J. Wyner

Judge: Judge Marc L. Barreca
Hearing Location: Room 7106
700 Stewart St
Seattle WA 98101
Hearing Date: August 30, 2013
Hearing Time: 9:30 a.m.

FILED
Western District of Washington
at Seattle

AUG 2 6 2013

U.S. Bankruptcy Court

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON

| IN RE | CHAPTER 7 |
|---|---|
| ADAM R. GROSSMAN | CASE NO. 10-19817-MLB |
| | OBJECTION TO TRUSTEE'S MOTION TO INVALIDATE AJW CLAIM AND COUNTER CLAIM TO CAP BANKRUPTCY EXPENSES |

1. My name is Abraham Wyner. I am a professor of statistics at the Wharton School of Business. I have known the debtor, Adam Grossman for many years.

2. In May of 2010, I loaned Mr. Grossman $10,000. The loan terms were set forth in a contract signed electronically.

3. The trustee has moved to invalidate my claim citing, "there is no authentication of the promissory note upon which the claim is based either in terms of when the note was

OBJECTION TO TRUSTEE'S MOTION
 TO INVALIDATE AJW CLAIM AND COUNTER
CLAIM TO CAP BANKRUPTCY EXPENSE

Abraham Wyner
1309 Sussex Rd
Wynnewood PA, 19096

executed and/or that Claimant has possession of the original thereof." [10-19817-MLB, #510, p2]

4. The promissory note was properly executed electronically. In addition to the properly executed promissory note, I also provided electronic evidence of the bank transfer. The Electronic Signatures in Global and National Commerce Act (ESIGN, Pub.L 106–229, 114 Stat. 464) is federal law passed by the U.S. Congress to facilitate the use of electronic records and signatures by ensuring the validity and legal effect of contracts entered into electronically. The general intent of the ESIGN Act is spelled out in the very first section(101.a), that a contract or signature "may not be denied legal effect, validity, or enforceability solely because it is in electronic form." This current docket contains many examples of documents that have been signed electronically or reproduced electronically including the Trustee's own attorney whose filings are shown to contain notation near the signature indicating that a document was signed "as authorized by email" by another person which is not even an allegation in this objection. Wells Fargo Bank and PNC Bank, two creditors who have made claims in this case, use electronic document storage and retrieval systems for their record keeping. Based on the argument set forth above, the Trustee's position does not have sufficient merit and the motion should be denied.

5. The Trustee has also moved to invalidate my claim because of its alleged tardiness. My loan was secured by a lien placed on real property held by the Metro Way Family Trust. I did not file a claim on or before the claims bar date of February 14, 2012, because my security interest was not part of the bankruptcy estate on February 14, 2012. My security interest was voided on March 21, 2012 [Docket #64, in 11-01954] but I do not understand how this could occur because the property at 773 Metro Way was not part of the bankruptcy estate on March 21, 2012. Metro Way Family Trust was not even named

OBJECTION TO TRUSTEE'S MOTION
 TO INVALIDATE AJW CLAIM AND COUNTER
CLAIM TO CAP BANKRUPTCY EXPENSE

Abraham Wyner
1309 Sussex Rd
Wynnewood PA, 19096

as a defendant until March 8, 2012, which was after the claims bar date. I have never understood what due process was in place protecting my rights because the Chapter 7 Trustee apparently served process to "773 Metro Way" in ZIP Code "96008" (Docket #73) which is not the ZIP Code in which the subject property is located and it appeared that the Chapter 7 Trustee was suing and serving an empty house which, needless to say, would have a difficult time arguing for my case in Seattle, WA. After I learned that my security interest was voided, I filed a claim. This was after the claims bar date, but in order for me to have due process it must at least be possible for me to comply with the timelines. In the interest of justice I therefore respectfully request that the claims bar date be waived, since n this case, there was not a single day my lien was in the estate that was not after the claims bar date. In the interest of justice and the lack of due process notice, the Trustee's position does not have merit and the motion should be denied.

6. Based on the actions of which I have received notice, it seems that the Trustee does not want to pay me ( and probably or any of the other small creditors) anything. The Trustee and his attorney and his staff have consumed an enormous amount of the value in the estate through expenses. I am a small creditor. Instead of paying 100% to the Trustee and his attorneys, I urge the court from a sense of fairness to set a maximum cap on the professional fees for the administration of a case so that, e.g., no more than 90% of the assets in the estate are spent on the paid professionals. At least 20% should be set aside for the small creditors to receive some compensation

DATED this 23rd day of August, 2013.

Abraham J. Wymer

OBJECTION TO TRUSTEE'S MOTION
 TO INVALIDATE AJW CLAIM AND COUNTER
 CLAIM TO CAP BANKRUPTCY EXPENSE

Abraham Wyner
1309 Sussex Rd
Wynnewood PA, 19096