Entered on Docket August 27, 2013

**Below is the Order of the Court.**

_____
Marc Barreca
**U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

_____

Judge Marc L. Barreca
Hearing Location: Room 7106
700 Stewart St., Seattle, WA 98101
Hearing date: August 30, 2013
Hearing time: 9:30 a.m.
**Response due**: August 23, 2013

# UNITED STATES BANKRUPTCY COURT FOR
# THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | CASE NO. 10-19817 |
| ADAM GROSSMAN, ) | |
| ) | ORDER ALLOWING/DISALLOWING |
| ) | CLAIMS AND GRANTING RELATED |
| Debtor. ) | RELIEF |
| ) | |

THIS MATTER came before the Court upon the following: (a) the Trustee's objections/motions relating to Claim Nos. 2-1 and 8-1 of Wells Fargo Bank, N.A., Claim No. 14-1 of Peter Zieve, Claim No. 16-1 of Lyman C. Opie, Claim No. 17-1 of Jill Borodin, and Claim No. 34-1 of Abraham Wyner (hereinafter collectively, the "Trustee's Objections"); and (b) the Trustee's Motion for Order Allowing and Disallowing Claims and Granting Related Relief; and Notice of Hearing (hereinafter, the "Motion"). The Court considered the Trustee's Objections, the Motion, the declaration of no objection and of no disposition of two objections to claims (hereinafter the, Declaration") and the pleadings and records in

ORDER - 1

KRIEGMAN LAW OFFICE, PLLC
600 University Street, Suite 2100
Seattle, WA 98101
(206) 903-0344

the above entitled case. The Trustee's attorney advised the Court in the Declaration that attorneys who represent, respectively, Lyman C. Opie and Jill Borodin, contacted him in regard to the Trustee's objections/motion relating to Claim No. 16-1 of Lyman C. Opie and Claim No. 17-1 of Jill Borodin, that both counsel informed him that they have various objections to the Trustee's objections/motions related to said Claims Nos. 16-1 and 17-1 and that the parties agreed, pending further discussions between them, to continuance of the hearing on the objections/motions pertaining to Claim Nos. 16-1 and 17-1 to September 13, 2013 and that those claims would be addressed by separate order (and thus excluded from any order entered on the Motion). The Court finds that notice of the Trustee's Objections and the Motion were properly given, that no objections or responses to the Trustee's Objections or the Motion were filed except as to the Trustee's objections to Claim Nos. 16-1 and 17-1 (as to which objections/responses were communicated to the Trustee's attorney), that the Trustee's Objections other than those pertaining to Claim Nos. 16-1 and 17-1 should be sustained and that the claims that are subject to the Trustee's Objections (except for Claims Nos. 16-1 and 17-1) should be disallowed, and that the relief requested in the Motion should be granted. NOW, THEREFORE,

IT IS HEREBY ORDERED AS FOLLOWS:

1. The Trustee's Objections to Claim Nos. 2-1 and 8-1 of Wells Fargo Bank, N.A., Claim No. 14-1 of Peter Zieve and Claim No. 34-1 of Abraham Wyner are sustained.

2. The Motion is granted to the extent set forth herein.

3. <u>DISALLOWED CLAIMS</u>

The following claims are disallowed:

    a. Claim No. 2-1 of Wells Fargo Bank, N.A. for $87,255.10;

    b. Claim No. 4-1 of Chase Bank (USA), N.A. for $5,047.70[1];

---

[1] This claim was amended and superseded by Claim No. 4-2, allowed below, and thus Claim No. 4-1 must be disallowed.

ORDER - 2

  c. Claim No. 7-1 of the Department of the Treasury/Internal Revenue Service (IRS) for $5,114.30[2];

  d. Claim No. 8-1 of Wells Fargo Bank, N.A. for $63,440.15;

  e. Claim No. 14-1 of Peter Zieve for $120,000.00; and

  f. Claim No. 34-1 of Abraham Wyner for $10,000.00.

4.  ALLOWED CLAIMS

The following claims are allowed and characterized as indicated:

a.  Chapter 7 Costs of Administration Claim

The following claims are allowed as Chapter 7 costs of administration and characterized as a marital community and/or separate obligation payable from the proceeds of either separate or community property liquidated by the Trustee:

| Claim No. | Claimant/Address | Amount |
|---|---|---|
| 11-1 | Office of the United States Trustee | $975.00 |
| 12-1 | Office of the United States Trustee | 1,625.00 |
|  | Total: | $2,600.00 |

b.  Priority Unsecured Tax Claim (11 U.S.C. §507(a)(8))

The following claim is allowed as an unsecured priority tax claim and characterized as marital community obligation payable from the proceeds of community property liquidated by the Trustee:

| Claim No. | Claimant/Address | Amount |
|---|---|---|
| 6-1 | Department of the Treasury/Internal Revenue Service (IRS) | $5,114.30 |

3.  General Unsecured Claims

The following claims are allowed as general unsecured claims and characterized as marital community obligations payable from the proceeds of community property liquidated by the Trustee:

---

[2] By February 13, 2013 letter which the IRS filed with the Court [Docket No. 487], the IRS stated that its Claim No. 7-1 was no longer in force and effect. Claim No. 7-1, in any event, is duplicative of the IRS' Claim No. 6-1, which is allowed below.

KRIEGMAN LAW OFFICE, PLLC
600 University Street, Suite 2100
Seattle, WA 98101
(206) 903-0344

| Claim No. | Claimant/Address | Amount |
|---|---|---|
| 1-1 | Discover Bank (ref# 0579) | $6,416.20 |
| 3-1 | Chase Bank USA N.A. (ref# 3915) | 22,281.77 |
| 4-2 | Chase Bank USA, N.A. (ref# 6457) | 5,046.12 |
| 5-1 | Chase Bank USA N.A. (ref# 7314) | 5,285.93 |
| 9-1 | Franchise Tax Board (California) | 11,715.52 |
| 10-1 | Congregation Beth Shalom: Early Childhood Center<br>Attn: Tzachi Litov | 11,148.00 |
| 13-1 | FIA Card Services, NA, successor to<br>Bank of America and MBNA America Bank (ref# 1484) | 35,533.82 |
| 15-1 | Sallie Mae<br>c/o Sallie Mae Inc. | 70,119.76 |
| | Total: | $167,547.12 |

5. No other claims, including but not limited to Claims Nos. 16-1 and 17-1, shall be allowed except as the Court may order at a later date.

6. Upon entry of an order authorizing disbursement, the claim allowed above shall be paid by priority, pursuant to Code §§ 503, 507, and 726 and other applicable law, with claims in a higher priority fully satisfied before any payment is made on the claims in a lower priority. If after payment of claims in all higher priorities, there are insufficient funds to fully satisfy claims of the next priority, the claimants in that priority shall share the remaining funds pro rata.

///END OF ORDER///

Presented by:

KRIEGMAN LAW OFFICE, PLLC

/s/ Bruce P. Kriegman
Bruce P. Kriegman, WSBA #14228
Attorney for Trustee

ORDER - 4

KRIEGMAN LAW OFFICE, PLLC
600 University Street, Suite 2100
Seattle, WA 98101
(206) 903-0344