Judge Marc L. Barreca

UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) CASE NO. 10-19817 |
| ADAM GROSSMAN, | ) |
| | ) ORDER AUTHORIZING SALE OF PROPERTY |
| | ) OF THE ESTATE FREE AND CLEAR OF LIENS |
| | ) AND INTERESTS AND GRANTING RELATED |
| | ) RELIEF |
| Debtor. | ) |
| | ) |

THIS MATTER CAME before the Court upon the Trustee's Motion for Order Authorizing Sale of Property of the Estate Free and Clear of Liens and Interests and Granting Related Relief; and Notice of Hearing (hereinafter called the, "Motion"). The Court considered the following: (i) the Motion, (ii) the Trustee's declaration in support of the Motion (the, "Declaration"), (iii) the California Residential Purchase Agreement and Joint Escrow Instructions as revised, General Addendum and First Addendum (collectively, the "Purchase Agreement") executed by the Trustee and the proposed buyer attached to the Declaration; (iv) the Trustee's declaration of no objection to the Motion and (v) the pleadings and

ORDER - 1

KRIEGMAN LAW OFFICE, PLLC
600 University Street, Suite 2100
Seattle, WA 98101
(206) 903-0343

records in the above-entitled case. The Court finds as follows: (a) the notice of the Motion was properly given; (b) this is a matter that is properly before the Court and within its core jurisdiction; (c) venue in this Court is proper; (d) the sale of the real property of the bankruptcy estate in the above-entitled case (the, "Estate") located at 868 Montcrest Dr., Redding, California 96003 (hereinafter the "Property", a legal description of which appears below) to the party identified in the Motion and below herein (hereinafter the, "Buyer") pursuant to the Purchase Agreement is in the best interest of the Estate pursuant to 11 U.S.C. §363(f) and other applicable law and should be authorized on the terms and conditions contained in said agreement; (e) the Buyer is a bona fide good faith purchaser for value and should be authorized to purchase the Property; (f) time is of the essence in regard to the sale and that there is good cause to waive the 14 day stay pursuant to FRBP 6004(h) so that the sale to Buyer may promptly closed; (g) the Trustee should be authorized, in his discretion, to execute any agreements, instruments, or other documents which he deems necessary to carry out the sale and this order; (h) that the Motion should be granted in all respects; (j) there is no just reason for delay and that a final order should be entered; and (i) that the relief requested in the Motion should be granted. NOW, THEREFORE,

IT IS HEREBY ORDERED as follows:

1. The Motion is granted.

2. The Trustee is authorized to sell the Property, in accordance with the Agreement, on the following terms and conditions:

| | |
|---|---|
| Buyer: | Ming Pay Liu and Stephanie Yinhsiang Hsieh, husband and wife (the "Buyer") |
| Sale Price: | $215,000.00 |
| Primary Terms of Sale: | The sale is contingent upon Buyer obtaining financing. Cash at closing; and "as is, where is" without any |

ORDER - 2

| | |
|---|---|
| Property description and location: | Lot 24, as shown on the map of Vista Ridge Estates, Unit 2, filed for record July 9, 2004 in Book 23 of Maps at page 48, Shasta County Records, State of California.<br>[commonly known as: 868 Montcrest Dr., Redding, California 96003] |
| Costs of sale: | The Trustee will pay costs of sale identified in the Purchase Agreement including but not limited to real estate commission, title insurance, one half of escrow fees, real estate excise taxes, natural hazard disclosure statement and any other sale related costs. |
| Known encumbrances and **estimated balance** of claims: | 1. Secured Claims:<br><br>*Real Estate Taxes*<br>Shasta County<br>$13,000.00 (estimate)<br><br>*Utility liens*<br>The amount and existence of any such liens are unknown and to be identified and paid at closing<br><br>2. Easements, covenants, restrictions, reservations, and dedications shown of record. |

...representations or warranties, express or implied, of any kind.

3. The Buyer is deemed a good faith purchaser for value.

4. The sale of the Property to the Buyer shall be "as is, where is" without any representations or warranties, express or implied, of any kind.

5. The sale of the Property shall be free and clear of any and all liens and interests with any such liens and interest to attach to the proceeds of sale as though those proceeds were the Property with said liens and interests to be satisfied from said proceeds.

6. Notwithstanding the foregoing, the Trustee is authorized to pay from the proceeds of sale at closing: (a) delinquent real estate taxes; (b) allowances, holdbacks and/or withholdings for applicable

ORDER - 3

KRIEGMAN LAW OFFICE, PLLC
600 University Street, Suite 2100
Seattle, WA 98101
(206) 903-0343

Case 10-19817-MLB    Doc 580    Filed 07/05/14    Ent. 07/06/14 02:16:03    Pg. 3 of 4

utility liens and or any other charges of any kind which the Trustee deems, in his discretion, reasonable or fair; (c) costs of sale as identified in the Purchase Agreement; and (d) reimbursement of expenses which the Trustee's real estate agent advanced to clean and secure the Property.

7. The 14 day stay pursuant to FRBP 6004(h) is waived and shall have no effect on the sale approved hereunder.

8. The Trustee is authorized to execute any agreements, instruments, or other documents which he determines at his discretion may be necessary to carry out the sale and this order.

9. This is a final order in accordance with applicable rules of bankruptcy procedure and applicable law.

///End of Order///

Presented by:

KRIEGMAN LAW OFFICE, PLLC

/s/ Bruce P. Kriegman
_____
Bruce P. Kriegman, WSBA # 14228
Attorney for Trustee

ORDER - 4