Bankruptcy Clerk, 6301

RECEIVED
OFFICE OF U.S. TRUSTEE
SEATTLE WA
2014 JUL 11 AM 11: 31

2014 JUL 11 AM 11: 38
M. L. HATCHER, CLK.
U.S. BANKRUPTCY COURT
W.D. OF WA AT SEATTLE
BY _____ DEP. CLK.

FILED

1  Joanna Strober
   14355 Miranda Way
2  Los Altos CA 94022
   (650) 941-9404
3  JoannaStroberWAWB@xemaps.com

Hon. Marc L. Barreca
700 Stewart St
Seattle WA 98101

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON

| IN RE | CHAPTER 7 |
|---|---|
| ADAM R. GROSSMAN | CASE NO. 10-19817-MLB |
| | *EX PARTE* MOTION TO VACATE TRUSTEE'S ORDER AUTHORIZING SALE AND PROOF OF SERVICE |

*EX PARTE* MOTION TO VACATE TRUSTEE'S ORDER
AUTHORIZING SALE AND PROOF OF SERVICE
PAGE 1 OF 6

s/ [signature]
Joanna Strober
14355 Miranda Way
Los Altos CA 94022
(650) 941-9404

COMES NOW Joanna Strober who moves the Court to vacate the Order Authorizing Sale of Property of the Estate Free and Clear of Liens and Interests and Granting Related Relief entered July 8, 2014, as follows:

1. The Trustee's motion was scheduled to be heard July 11, 2014.
2. Under Rule 9013-1(d)(5), responses papers shall be filed and served "not later than 7 days prior to the date set for hearing" which was July 4, 2014.
3. July 4, 2014, was a legal holiday. July 5, 2014, was Saturday. July 6, 2014, was Sunday.
4. Under Rule 9006(a)(1)(C), "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday" which was July 7, 2014.
5. Under Rule 9006(e), service of process "by mail is complete on mailing."
6. Under Rule 9006(f), for actions "after service and that service is by mail…, three days are added after the prescribed period would otherwise expire" which was July 10, 2014.
7. I responded to the motion on July 3, 2014, **(attached)** and my response was timely mailed.
8. Citing Rule 9013-1(f)(2) requiring a declaration that "no objections were timely received," the Trustee's attorney filed a Declaration of No Objection on July 5, 2014, at 10:14am **(attached)** and moved the Court for the entry of a default order which was entered on July 8, 2014.
9. I did not have an opportunity to be heard.

The undersigned party respectfully moves the Court to vacate the default order on the grounds that the Trustee's attorney's Declaration of No Objection was improper and premature.

DATED this 11th day of July, 2014

s/ *[signature]*
Joanna Strober

*EX PARTE* MOTION TO VACATE TRUSTEE'S ORDER
AUTHORIZING SALE AND PROOF OF SERVICE
PAGE 2 OF 6

s/ *[signature]*
Joanna Strober
14355 Miranda Way
Los Altos CA 94022
(650) 941-9404

**Proof of Service**

I hereby declare under penalty of perjury under the laws of the United States that I served copies of the foregoing document and all attachments via personal service or via first class U.S. mail, postage prepaid, to the following recipients,

Ronald Brown
999 3rd Ave Ste 2525
Seattle, WA 98104

Bruce Kriegman
600 University Street Ste 2100
Seattle, WA 98101

Office of the U.S. Trustee
700 Stewart Street Ste 5103
Seattle WA 98101

Office of the Clerk
Bankruptcy Court
700 Stewart Street Ste 6301
Seattle WA 98101

DATED this 11th day of July, 2014

s/ Adam R. Grossman /

EX PARTE MOTION TO VACATE TRUSTEE'S ORDER
AUTHORIZING SALE AND PROOF OF SERVICE
PAGE 3 OF 6

s/ [signature]
Joanna Strober
14355 Miranda Way
Los Altos CA 94022
(650) 941-9404

1 | Attachment 1

| | |
|---|---|
| 1 Joanna Strober<br>14355 Miranda Way<br>2 Los Altos CA 94022<br>(650) 941-9404<br>3 JoannaStroberWAWB@xemaps.com | Hon. Marc L. Barreca<br>700 Stewart St<br>Seattle WA 98101 |

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE<br><br>ADAM R. GROSSMAN | CHAPTER 7<br><br>CASE NO. 10-19817-MLB<br><br>STATEMENT IN OPPOSITION TO<br>TRUSTEE'S PROPOSED MONTCREST SALE |

27 | STATEMENT IN OPPOSITION TO TRUSTEE'S
       PROPOSED MONTCREST SALE
28 | PAGE 1 OF

s/_____/
Joanna Strober
14355 Miranda Way
Los Altos CA 94022
(650) 941-9404

---

27 | *EX PARTE* MOTION TO VACATE TRUSTEE'S ORDER
     AUTHORIZING SALE AND PROOF OF SERVICE
28 | PAGE 4 OF 6

s/ *[signature]*
Joanna Strober
14355 Miranda Way
Los Altos CA 94022
(650) 941-9404

1. I received notice of the Trustee's proposed sale of the real property located at 868 Montcrest Drive while (or shortly before) I left for vacation with my family.

2. In 2006, I invested money in the Tanager Fund partnership, which I understand is not in bankruptcy and was the source of purchase money for this property. I previously wrote[1] that I have not yet received my 2010 Tanager Fund partnership K-1 and expressed my concern regarding "misclassification of client assets [by Jill Borodin in a Washington state court] legal action to which I was not party and had no standing" and that resulting losses "may affect me if the losses are pro-rated across all investors... and part of my redemption is clawed back."

3. As a resident of California and an investor in a Delaware investment entity, I do not know whether the purported attempt by the Trustee of Mr. Grossman's personal bankruptcy to quiet title to California property held in trust for a Delaware entity has been executed in accordance with due process protections afforded by California and Delaware state law[2][3][4] but based upon what I know I have some concerns.

4. I request a four week continuance so that I and/or other Tanager Fund investors and interested parties may address our concerns, obtain the advice of counsel and, if advised, file a more detailed response to the pending motion.

DATED this 3rd day of July, 2014

s/_____/

---

[1] Attached is a true and correct copy of a declaration signed by me on October 15, 2011, a true and correct copy of a declaration I obtained online signed by Stephen J. LeBlanc on August 22, 2013, and true and correct copy(ies) of some correspondence I received regarding the Tanager Fund in February, 2014.

[2] "The court shall not enter judgment by default", Cal. Civ. Code § 764.010.

[3] "[A party] should not have had to move to set aside the default judgment; the judgment should not have been entered." In Harbour Vista, LLC v. HSBC Mortgage Services Inc., 2011 WL 6318525 (Cal.App. 4 Dist. 2011).

[4] "The entry of a charging order is the exclusive remedy by which a judgment creditor of a member or a member's assignee may satisfy a judgment out of the judgment debtor's limited liability company interest and attachment, garnishment, foreclosure or other legal or equitable remedies are not available to the judgment creditor, whether the limited liability company has 1 member or more than 1 member." 6 Del. C. § 18-703.

STATEMENT IN OPPOSITION TO TRUSTEE'S PROPOSED MONTCREST SALE
PAGE 2 OF

s/_____/
Joanna Strober
14355 Miranda Way
Los Altos CA 94022
(650) 941-9404

---

EX PARTE MOTION TO VACATE TRUSTEE'S ORDER AUTHORIZING SALE AND PROOF OF SERVICE
PAGE 5 OF 6

s/ Joanna Strober
Joanna Strober
14355 Miranda Way
Los Altos CA 94022
(650) 941-9404

Attachment 2

## Case details

| Court: | wawb |
|---|---|
| Docket #: | 10-19817 |
| Case Name: | Adam R Grossman |
| PACER case #: | 514361 |
| Date filed: | 2010-08-19 |
| Assigned to: | Marc Barreca |

## Documents

| Date Filed | Document # | Attachment # | Short Description | Long Description |
|---|---|---|---|---|
| 2014-07-05 | 579 | 0 | | Declaration of No Objection to Trustee's Motion for Order Authorizing Sale of Property of the Esate Free and Clear of Liens and Interests and Granting Related Relief; and Notice of Heaing. The Filer represents to the Court, under penalty of perjury, that Notice of the Motion linked to this entry was served on 6/13/2014 in accordance with the proof of service filed herein and that no objection to that Motion has been filed in the Office of the Clerk or received by the Filer. (Related document(s)576 Motion to Sell Free and Clear of Liens)... Filed by Bruce P. Kriegman on behalf of Ronald G Brown. (Kriegman, Bruce) (Entered: 07/05/2014 at 10:14:08) |

*EX PARTE* MOTION TO VACATE TRUSTEE'S ORDER
AUTHORIZING SALE AND PROOF OF SERVICE
PAGE 6 OF 6

s/ Joanna Strober
Joanna Strober
14355 Miranda Way
Los Altos CA 94022
(650) 941-9404